UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

SAMUEL ROOSEVELT JONES,

           Plaintiff,

v.

C. LAWRY et al.,

           Defendants.
_____/

Case No. 2:19-cv-49

Honorable Gordon J. Quist

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* amended complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's amended complaint for failure to state a claim against Defendants Van Ackers, Sebley, Makela, Harris, and Unknown Party #1. In addition, the Court will dismiss, for failure to state a claim, the following claims against the remaining Defendants:

Plaintiff's Eighth Amendment claims based on sexual harassment and denial of medical care; Plaintiff's retaliation claims; and Plaintiff's claim that he was denied his right to privacy.

## Discussion

### I. Factual allegations

Plaintiff presently is incarcerated with the Michigan Department of Corrections (MDOC) at Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. The events about which he complains occurred at that facility. Plaintiff originally sued the following MBP officials: Correctional Officers (unknown) Lawry and (unknown) Van Ackers; unknown sergeants, lieutenants, or inspectors named as "Jane/John Does" (Unknown Party #1); and an unknown lieutenant on second shift named as "John Doe" (Unknown Party #2). Plaintiff thereafter filed an unsigned motion to amend his complaint (ECF No. 4), in which he sought to substitute certain officials. In addition, he filed three supplements to the complaint (ECF Nos. 7, 8, 12). In order to clarify the complaint for review, on April 19, 2019, the Court ordered Plaintiff to file an amended complaint that contained all of his claims against all of the Defendants he intended to sue (ECF No. 11). Plaintiff now has filed an amended complaint (ECF No. 14), in which he names the following MBP officials: Correctional Officers C. Lawry, J. Pucel, (unknown) Schroderus, (unknown) Van Ackers, and (unknown) Harris; Lieutenant (unknown) Sebley; Captain (unknown) Makela; and Inspector(s) Jane/John Doe (Unknown Party #1).[1]

Plaintiff alleges that, on January 26, 2019, he filed a grievance against a correctional officer who is not a defendant in this action, alleging that the officer told Plaintiff to

---

[1] Because Plaintiff was given the opportunity to file an amended complaint and did so, his motion to file an amended complaint (ECF No. 4) will be denied as moot.

2

"suck his d*ck." (Am. Compl., ECF No. 14, PageID.74.) Plaintiff alleged a violation of the Prison Rape Elimination Act (PREA), 42 U.S.C. § 15601 et seq. His complaint went unresolved.

On February 10, 2019, Plaintiff wrote four grievances against Defendant Lawry. In one of those grievances, Plaintiff alleged that Defendant Lawry threatened to "f*ck" Petitioner. (*Id.*) Plaintiff suggests that the statement was another violation of the PREA, and he filed another PREA grievance. *See* Mich. Dep't of Corr. Policy Directive (PD) 03.03.140 ¶¶ EE-QQ (providing the two-step process for PREA grievances). Plaintiff complains that the PREA grievance went unresolved.

On February 15, 2019, Defendant Lawry came to Plaintiff's cell while Plaintiff was masturbating and washing up. Plaintiff states that he does not go to the showers because they are open and provide no privacy. He contends that he is entitled to privacy, including freedom from the risk of being seen by officers of the same sex. As a result, Plaintiff covers his cell bars with a blanket. Defendant Lawry ordered him to show himself. Thereafter, Defendant Lawry apparently wrote six misconduct tickets in four days, on the grounds that Plaintiff repeatedly covered his cell bars, disobeyed a direct order to stop telling Lawry to quit peeking into his cell, and engaged in threatening behavior. Defendant Lawry wrote the ticket for threatening behavior on February 16, 2019, which led to Plaintiff being placed in segregation. That same day, Defendant Van Ackers wrote an unspecified misconduct ticket against Plaintiff. Plaintiff contends that the actions of Defendants Lawry and Van Ackers were taken in retaliation for Plaintiff's grievances against Lawry. As evidence of the retaliatory motive, Plaintiff asserts that the misconducts were written shortly after he wrote his PREA grievances.

On March 18, 2019, Defendant Lawry allegedly came to Plaintiff's cell with five officers for a cell search. Plaintiff asserts that the officers conspired to do more than search his

3

cell. When Plaintiff attempted to turn around or look backward during the search, Defendants Lawry, Pucel, and Schroderus assaulted him, during which Plaintiff's face was run into a glass window and then slammed into the floor. Defendants issued Plaintiff a misconduct charge for an assault on staff. Plaintiff was found guilty of the misconduct charge on March 20, 2019. Plaintiff filed a grievance. According to Plaintiff, the grievance response indicated that Defendants Schroderus, Pucel, Harris, and Lawry stated that Plaintiff lunged at Defendant Lawry, when he realized that Lawry was going to complete the cell search. (Am. Compl., ECF No. 14, PageID.76; *see also* Step-I Grievance Response, ECF No. 12-1, PageID.50.) Plaintiff argues that the statements were fanciful and did not support the use of force, because, even if he lunged, no one was hurt. Plaintiff also complains that he received no medical attention, despite the swelling of his right eye.

Plaintiff complains that Defendants Sebley and Makela failed to take action against Defendant Lawry for the actions alleged in Plaintiff's grievances, because they were negligent and failed to prevent or correct the alleged retaliation and violations of Plaintiff's privacy.

Plaintiff seeks injunctive relief, a declaration that Defendants violated Plaintiff's First and Eighth Amendment rights, and compensatory and punitive damages.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Lack of Allegations

Plaintiff's amended complaint contains no allegations against Defendant Harris or the unknown Inspector, Jane/John Doe (Defendant Unknown Party #1). It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550

5

U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991). Plaintiff fails to even mention Defendants Harris and Unknown Party #1 in the body of his complaint. His allegations fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim

showing that the pleader is entitled to relief"). The Court therefore will dismiss Defendants Harris and Unknown Party #1 from the action.

### IV. Supervisory Liability

Plaintiff alleges that Defendants Van Ackers, Sebley, and Makela were negligent in their supervision of Lawry and failed to properly respond to Plaintiff's grievances and complaints. Plaintiff's allegations fail to state a claim.

First, allegations of negligence fall short of the state of mind required to state an actionable § 1983 claim. *See, e.g., Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (holding that an equal protection claim requires intentional and arbitrary difference in treatment); *Farmer*, 511 U.S. at 835 (holding that an Eighth Amendment violation requires a "state of mind more blameworthy than negligence"); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986) (negligence is insufficient to state a due process claim under § 1983).

Second, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the

7

official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Van Ackers, Sebley, and Makela engaged in any active behavior violating the Eighth Amendment. Accordingly, he fails to state a claim against them.

**V.     Eighth Amendment**

Plaintiff asserts that Defendant Lawry violated his rights under the Eighth Amendment by demanding that Plaintiff show himself from behind the blanket while Plaintiff was masturbating. Plaintiff complains that Lawry also told him that he was going to "f*ck him." (Compl., ECF No. 1, PageID.2.) Both actions, Plaintiff alleges, constitute sexual misconduct that violates the Eighth Amendment. In addition, Plaintiff contends that Defendants Lawry, Pucel, and Schroderus used excessive force against him, in violation of the Eighth Amendment. Finally, he contends, Defendants Lawry, Pucel, and Schroderus deprived him of necessary medical care, in violation of the Eighth Amendment.

"The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from the unnecessary and wanton infliction of pain." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013) (quoting *Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011)). The Supreme Court has explained that "[a]mong 'unnecessary and wanton' inflictions of pain are those that are 'totally without penological justification.'" *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). However, "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (internal citation omitted).

"To make out a claim under the Eighth Amendment, the prisoner must satisfy both an objective and a subjective component." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)

8

(citing *Moore v. Holbrook*, 2 F.3d 697, 700 (6th Cir. 1993)). "The objective component requires the pain inflicted to be 'sufficiently serious.'" *Curtin*, 631 F.3d at 383 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). As the Supreme Court has stated, "not 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson*, 503 U.S. at 9). Rather, the Eighth Amendment protects prisoners only from that conduct which is "repugnant to the conscience of mankind." *Id.* at 38 (quoting *Hudson*, 503 U.S. at 9-10).

The subjective component requires that the prison official act with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson*, 501 U.S. at 297). This "requirement follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Id.* (quoting *Wilson*, 501 U.S. at 297). In some instances, the subjective prong of an Eighth Amendment claim is satisfied by a showing of deliberate indifference, such as in cases concerning medical care, conditions of confinement, or abuse perpetrated by an inmate against another inmate. *See e.g., Estelle v. Gamble*, 429 U.S. 97, 104 (1976), and *Darrah v. Krisher*, 865 F.3d 361, 367 (6th Cir. 2017) (medical care); *Wilson*, 501 U.S. at 303, and *Villegas*, 709 F.3d at 571 (conditions of confinement); *Farmer*, 511 U.S. at 834, and *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011) (abuse perpetrated by an inmate against another inmate). In other contexts, such as when a prisoner alleges excessive force, the subjective component requires a heightened showing that the prison official acted "maliciously and sadistically for the very purpose of causing harm." *Hudson*, 503 U.S. at 6 (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)); *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Hudson*, 503 U.S. at 9).

### A. Sexual Harassment

"[B]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (quoted cases omitted); *see also Rafferty v. Trumbull Cty.*, 915 F.3d 1087, 1095 (6th Cir. 2019) (citing *Washington v. Hively*, 695 F.3d 641, 642 (7th Cir. 2012)). Actionable sexual harassment or abuse does not necessarily require physical touching. In *Rafferty*, the Sixth Circuit concluded that, in some circumstances, the Eighth Amendment is violated in the absence of sexual touching:

> [T]his Court held nearly three decades ago that sexual abuse of inmates can violate the Eighth Amendment even in the absence of physical touching by a corrections officer. *See Kent [v. Johnson]*, 821 F.2d [1220,] 1228 [(6th Cir. 1987)] (unobstructed views of inmates showering). Other courts of appeals have reached the same conclusion. *See e.g.*, *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) (homophobic epithets); *DeTella*, 319 F.3d at 939 (ribald comments); *Daskalea*, 227 F.3d at 439-41 (forced striptease).

915 F.3d at 1096. However, as the *Rafferty* court recognized, "'isolated, brief, and not severe' instances of sexual harassment do not give rise to Eighth Amendment violations." *Id.* at 1095 (quoting *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005), *abrogated on other grounds by Maben v. Thelen*, 887 F.3d 252 (6th Cir. 2018)). Instead, such allegations must be "sufficiently serious" to implicate the constitution. *Id.* The *Rafferty* court concluded that the defendant's verbal demands on as many as six occasions that a female prisoner expose her breasts and masturbate for him was sufficiently serious to raise a triable Eighth Amendment claim. *Id.* at 1096.

Plaintiff's allegations about Defendant Lawry's actions fall short of the seriousness required to state an Eighth Amendment claim. Plaintiff alleges only that Lawry stated on one occasion that he was going to "f*ck" Plaintiff. Given the several common uses of the word, such

10

an allegation on its face does not necessarily contain a sexual connotation. As the Sixth Circuit has recognized on numerous occasions, the use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits). Moreover, even if the comment is construed to have a sexual connotation, it is the sort of isolated and brief comment that is not actionable under the Eighth Amendment. *Rafferty*, at 1095.

Further, Plaintiff's claim that Defendant Lawry ordered Plaintiff to show himself when he was naked utterly fails to state an Eighth Amendment violation. Plaintiff acknowledges that he covered his cell bars with a blanket, preventing Lawry from performing his duty to check on prisoners. As this Court previously has recognized, covering a cell window is barred by MDOC policy, and prisons have a legitimate penological interest in prohibiting prisoners from covering cell observation windows, so as to count prisoners, to prevent self-harm, and to deter the making of weapons. *See Johnson v. Tribley*, No. 2:14-cv-85, 2016 WL 5324309, at *2-3 (W.D. Mich. Aug. 17, 2016) (Report & Recommendation), *adopted as opinion of court* 2016 WL 5239648 (Sept. 22, 2016); *see also Muhammad v. Fleming*, No. 7:14-CV-00421, 2015 WL 1931289, at *2 (W.D. Va. Apr. 28, 2015) (prohibition on covering cell window serves a legitimate penological interest); *MacDonald v. Angelone*, 69 F. Supp. 2d 787, 794-95 (E.D. Va. 1999) (correctional policy prohibiting all coverings over cell door observation windows served a legitimate penological purpose and was reasonable). The fact that Plaintiff wished to have privacy while he masturbated does not demonstrate that Defendant Lawry gave an inappropriate order, sexually harassed

Plaintiff, or had an improper motive. Plaintiff therefore fails to state an Eighth Amendment claim against Defendant Lawry.

## B. Excessive Force

Plaintiff alleges that Defendants Lawry, Pucel, and Schroderus used excessive force when Plaintiff tried to turn around to view his cell being searched. The officers allegedly rammed Plaintiff's face into a glass window and then into the floor, causing swelling to the area around Plaintiff's right eye.

Plaintiff's claim of excessive force must be analyzed under the Supreme Court authority limiting the use of force against prisoners. This analysis must be made in the context of the constant admonitions by the Supreme Court regarding the deference that courts must accord to prison or jail officials as they attempt to maintain order and discipline within dangerous institutional settings. *See, e.g.*, *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986). Plaintiff is incarcerated at MBP, which is a Level V facility, the highest level in the state.

Generally, restrictions and even harsh conditions of confinement are not necessarily cruel and unusual punishment prohibited by the Eighth Amendment. *Rhodes*, 452 U.S. 347. The Supreme Court has held that "whenever guards use force to keep order," the standards enunciated in *Whitley*, 475 U.S. 312, should be applied. *Hudson*, 503 U.S. at 7; *see also Wilkins v. Gaddy,* 559 U.S. 34, 37-39 (2010). Under *Whitley*, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7; *Wilkins*, 559 U.S. at 37. In determining whether the use of force is wanton and unnecessary, the court should evaluate the need for application of force, the relationship between that need and the amount of force used, the threat "reasonably perceived by the responsible officials," and any efforts made to temper the severity of the forceful response.

12

*Hudson*, 503 U.S. at 6-7 (citing *Whitley*, 475 U.S. at 321); *accord Griffin v. Hardrick*, 604 F.3d 949, 953-54 (6th Cir. 2010); *McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990).

Upon initial review, the Court concludes that Plaintiff's allegations concerning the use of force by Defendants Lawry, Pucel, and Schroderus are minimally sufficient to state a claim.

### C. Denial of Medical Care

Plaintiff alleges that he was denied medical care for the swelling of his right eye. He suggests that Defendants Lawry, Pucel, and Schroderus are responsible for that denial.

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 899 (6th Cir. 2004). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than

13

acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff's allegations fail to support either component of the deliberate-indifference standard. Plaintiff alleges only that the area around his right eye swelled. He makes no claim of a serious injury. Such allegations fall short of demonstrating that "the seriousness of [his] need[ ] for medical care [wa]s obvious even to a lay person." *Blackmore*, 390 F.3d at 899. Plaintiff's allegations therefore fail to support the objective component.

Moreover, although Plaintiff suggests that the officers who assaulted him are responsible for denying him medical care, he makes no allegation that these officers saw his eye swell or heard him request medical assistance. Plaintiff therefore fails to allege facts supporting the subjective component.

For these reasons, Plaintiff fails to state an Eighth Amendment claim based on the denial of medical care.

## VI. Right to Privacy

Plaintiff suggests that Defendant Lawry's actions in directing Plaintiff to show himself also violated his right to privacy under the First Amendment. Because no such right exists under the First Amendment, the Court presumes that he intends to raise a claim under the Fourth and Fourteenth Amendment.

The Supreme Court has held that "society is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell." *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). "A right of privacy in traditional Fourth Amendment terms is

14

fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." *Id.* at 527-28.  However, "a convicted prisoner maintains some reasonable expectations of privacy while in prison, particularly where those claims are related to forced exposure to strangers of the opposite sex." *Cornwell v. Dahlberg*, 963 F.2d 912, 916 (6th Cir. 1992) (citations omitted).  This limited right to privacy, among other things, "protects [prisoners] from being forced unnecessarily to expose their bodies to guards of the opposite sex."  *Kent v. Johnson*, 821 F.2d 1220, 1226-27 (6th Cir. 1987).  The court has clarified the extent of this right, stating that "a prison policy forcing prisoners to . . . be exposed to regular surveillance by officers of the opposite sex while naked – for example while in the shower or using a toilet in a cell – would provide the basis of a claim on which relief could be granted." *Mills v. City of Barbourville*, 389 F.3d 568, 579 (6th Cir. 2004) (citing *Kent*, 821 F.3d at 1226; Cornwell, 963 F.2d at 917).  In contrast, accidental viewing of a prisoner's naked body by a prison guard of the opposite sex is not a constitutional violation.  *Id.*

While inmates may retain a limited constitutional right to privacy, prison officials may impinge on such constitutional rights if the regulation "is reasonably related to legitimate penological interests."  *See Turner v. Safley*, 482 U.S. 78, 89 (1987).  To determine whether a prison official's actions are reasonably related to a legitimate penological interest, the Court must assess an official's actions by reference to the following factors: (1) whether there exists a valid, rational connection between the prison regulation and the legitimate governmental interest; (2) whether there remain alternative means of exercising the right; (3) the impact that accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally; and (4) whether there are ready alternatives available that fully

15

accommodate the prisoner's rights at de minimis cost to valid penological interests. *Turner*, 482 U.S. at 89-90.

It has long been the case that MDOC policy prohibits prisoners covering their cell observation windows. *See, e.g., Perry v. Cousins*, No. 15-13930, 2018 WL 2126749, at *2 (E.D. Mich. May 9, 2018); *Bell-Bey v. Mich. Dep't of Corr.*, No. 91-1877, 1992 WL 19967, at *1 (6th Cir. Feb. 6, 1992). As previously discussed with respect to Petitioner's Eighth Amendment claim, both this Court and other courts have recognized the legitimacy of the penological interest behind prohibitions on covering cell windows and the reasonableness of such prohibitions under *Turner*. *See Johnson*, 2016 WL 5324309, at *2-3 (citing Michigan prison policy barring covering cell observation window); *Muhammad*, 2015 WL 1931289, at *2; *MacDonald*, 69 F. Supp. 2d at 794-95. Such a ban does not violate the Fourth and Fourteenth Amendments. *See Tensley v. Alexander*, 822 F. Supp. 411, 415 (E.D. Mich. 1993).

### VII. Retaliation

Plaintiff alleges that Defendants Lawry and Van Ackers retaliated against him for filing grievances by issuing him misconduct tickets. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d

1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

The filing of a prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). However, the right to file grievances is protected only insofar as the grievances are not "frivolous." *Herron*, 203 F.3d at 415.

Plaintiff alleges that he filed grievances on two occasions. The first grievance, pursued on January 26, 2019, alleged that a non-defendant officer violated the PREA, when he told Plaintiff to "suck his d*ck." (Compl., ECF No. 1, PageID.2.) On February 10, 2019, Plaintiff filed four grievances against Defendant Lawry, one of which was a PREA complaint alleging that Lawry told Plaintiff that he was going to "f*ck" him. (*Id.*) While it is not at all clear that Plaintiff's grievances were non-frivolous, the Court will assume without deciding that they constituted protected conduct.

The adverseness inquiry is an objective one and does not depend on how a particular plaintiff reacted. The relevant question is whether the defendants' conduct is "*capable* of deterring a person of ordinary firmness"; the plaintiff need not show actual deterrence. *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002) (emphasis in original). The filing of a retaliatory misconduct charge, even a minor misconduct charge, ordinarily constitutes adverse action, because the consequences of a guilty finding result in increased restrictions and losses of privileges. *See Maben v. Thelen*, 887 F.3d 252, 266-67 (6th Cir. 2018) (quoting *Hill v. Lapin*, 630 F3d 468, 474 (6th Cir. 2010) (holding that "actions that result in more restrictions and fewer privileges for

17

prisoners are considered adverse")). Plaintiff's allegations therefore are sufficient to meet the adverse-action requirement.

Plaintiff's retaliation claims, however, fail at the third step. Plaintiff alleges that Defendant Lawry wrote four misconduct charges against Plaintiff over the course of six days, starting on February 15, 2019. Those charges involved Plaintiff covering his cell bars with a blanket, disobeying a direct order, and threatening behavior. In addition, he alleges that Defendant Van Ackers wrote an unspecified retaliatory misconduct charge against Plaintiff on February 16, 2019.

However, Plaintiff makes only a conclusory allegation that the misconduct charges were retaliatory for the filing of a grievance against the non-defendant officer, arguing only that the misconducts must have been retaliatory because they occurred after he filed his grievances. It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial") (internal quotations omitted); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("bare allegations of malice on the

defendants' parts are not enough to establish retaliation claims" that will survive § 1915A screening).

The Sixth Circuit has been reluctant to find that temporal proximity between the filing of a grievance and an official's adverse conduct, standing alone, is sufficient to establish a retaliation claim. *Hill v. Lappin*, 630 F.3d 468, 476 (6th Cir. 2010). Plaintiff provides no facts connecting the non-defendant officer with Defendants Lawry and Van Ackers that would suggest that Defendants possessed a motive to retaliate.

For similar reasons, other than timing, Plaintiff alleges no facts suggesting that Defendants Lawry and Van Ackers were motivated to file misconduct charges because of Plaintiff's grievance against Defendant Lawry. To the contrary, Plaintiff's own allegations indicate that his grievance against Defendant Lawry did not, in fact, motivate Defendants' actions. According to the allegations, Plaintiff engaged in a pattern of rule violations, refusing to accept both that he could not use a blanket to cover his cell bars and that Defendant Lawry had a right to look into Plaintiff's cell during the course of making his rounds. Plaintiff admits that he repeatedly covered his cell bars with a blanket, in violation of prison rules, the basis for two of Defendant Lawry's misconduct charges. He also indicates that Defendant Lawry gave him a direct order to stop complaining to Sebley about Lawry viewing Plaintiff naked in his cell, because he was not permitted to hang blankets over his cell bars. Plaintiff does not deny that he disobeyed the order. Under these circumstances, Plaintiff's conclusory claim that the misconduct charges were retaliatory fails to meet the plausibility standard of *Iqbal*, 556 U.S. at 679. The facts alleged indicate that Lawry had entirely legitimate reasons for issuing the misconduct charges, and no

contrary fact permits a "reasonable inference" that Defendant Lawry acted with an improper motive. *Iqbal*, 556 U.S. at 679.

Plaintiff's allegation that Defendant Van Ackers' unspecified misconduct charge was issued in retaliation for Plaintiff's grievance against Defendant Lawry is wholly conclusory. As discussed, "conclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez*, 826 F.2d at 1538-39 (6th Cir. 1987)).

For these reasons, Plaintiff fails to state a retaliation claim against either Defendant Lawry or Defendant Van Ackers.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court denies as moot Plaintiff's motion to amend his complaint. The Court also determines that Defendants Van Ackers, Sebley, Makela, Harris, and Unknown Party #1 will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). In addition, the Court will dismiss, for failure to state a claim, the following claims against the remaining Defendants: Plaintiff's Eighth Amendment claims based on sexual harassment and denial of medical care; Plaintiff's retaliation claims; and Plaintiff's claim that he was denied his right to privacy. Only Plaintiff's Eighth Amendment claim alleging an excessive use of force against Defendants Lawry, Pucel, and Schroderus remains in the case.

An order consistent with this opinion will be entered.

Dated: June 14, 2019                              /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE