UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SAMUEL ROOSEVELT JONES #364868,

    Plaintiff,

v.

C. LAWRY, et al.,

    Defendants.
                                    /

Case No.  2:19-cv-00049

Hon.  Gordon J. Quist
U.S. District Judge

## REPORT AND RECOMMENDATION

**I. Introduction**

This is a civil rights action brought by state prisoner Samuel Roosevelt Jones pursuant to 42 U.S.C. § 1983 alleging a violation of his Eighth Amendment rights due to the use of excessive force against him.  Defendants move to dismiss the case under Fed. R. Civ. P 37 because Jones refused to participate in his properly-noticed deposition.  Fed. R. Civ. P. 30.  (ECF No. 54.)  In addition, Defendants move to recoup the costs for the court reporter expended for the deposition.

    It is undisputed that the Court issued an order allowing Defendants to take Plaintiff's deposition.  (ECF No. 47, PageID.240.)  Defendants then properly noticed and scheduled the deposition for August 10, 2020.  (ECF No. 60.)  Jones filed no objections to the notice and failed to move for a protective order to attempt to prevent the deposition.  Consequently, the deposition was authorized and properly noticed under the Court rules.  Defendants were entitled to take Plaintiff's deposition.

On August 10, 2020, defense counsel appeared by video conference to take Jones's deposition. Jones appeared at the deposition, but he refused to allow the deposition to proceed by claiming that the Court did not authorize the deposition and he believed he did not have to answer questions. (ECF No. 66-2, PageID.381-383.) Jones terminated the deposition because he believed that it was not properly authorized. (*Id.*) Defendants paid $97.40 for the deposition.

**II. Analysis**

As noted by Defendant, Fed. R. Civ. P. 37(d)(1)(A)(i) specifically provides that when a party fails to attend his own deposition after being properly notified he or she may be sanctioned by the court. Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) and 37(d)(3), sanctions may include dismissal. In addition, Fed. R. Civ. P. 41(b) provides that where a Plaintiff fails to prosecute or to comply with the rules or a court order, a defendant may move to dismiss the action or any claim against it.

The Sixth Circuit addressed this issue in *Woodson v. Morris*, 70 F.3d 1273 (6th Cir. 1995). In *Woodson*, the court noted that the plaintiff had adequate advance notice of the date of the deposition, but willfully refused to participate in the deposition. The court held that the district court properly granted the defendant's motion for dismissal pursuant to Fed. R. Civ. P. 37 and 41(b). Dismissal is appropriate where Plaintiff fails to attend an ordered deposition. *Voit v. Jefferson County Sheriff's Dep't*, 31 F. App'x. 189 (6th Cir. 2002). It is not an abuse of discretion for the trial court to impose sanctions due to a party's failure to participate in discovery:

> Rule 37(b)(2) authorizes a district court to enter a default judgment and dismiss a case where the sanctioned party failed to obey

an order to provide or permit discovery. This court considers four factors in assessing the appropriateness of the district court's decision to dismiss a complaint: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Harmon [v. CSX Trsp., Inc.],* 110 F.3d [364] at 366–67 [(6th Cir. 1997)]. Pre-dismissal warning of the sanction is pivotal to the determination of willfulness. *See Harris v. Callwood,* 844 F.2d 1254, 1256 (6th Cir.1988). Dismissal with prejudice "should be imposed only if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault." *Beil v. Lakewood Eng'g & Mfg. Co.,* 15 F.3d 546, 552 (6th Cir.1994).

*Wittman v. Wilson*, 95 F. App'x 752, 754 (6th Cir. 2004).

It appears that Jones now acknowledges that he was wrong to refuse to allow Defendants to take his deposition and that he intends to allow the deposition to proceed in the future. (ECF No. 69.) Jones refused to allow the deposition based upon his misunderstanding of the Court rules and the Court's order allowing Defendants to take his deposition. Although, Jones does not state so in his response, it appears that he was also frustrated with the responses that he received from Defendants to his own discovery requests. This Court has already explained to Jones, in a September 8, 2020 order, that he cannot withhold discovery simply because he believes a Defendant failed to properly respond to his discovery requests. (ECF No. 67, PageID.390.)[1]

---

[1] In that order, issued after Jones refused to allow his deposition to proceed, the Court warned Jones that if he refused a second time to participate in his deposition, the Court would issue a recommendation to dismiss this case.

Looking at the factors set forth above: Jones may have intentionally denied Defendants an opportunity to take his deposition, but it was not willfully in bad faith. Jones wrongfully believed that the deposition was not properly noticed and he also wrongfully believed that Defendants were withholding discovery from him. Although, Defendants argue prejudice due to Jones's failure to participate in the deposition, the only prejudice is a minor delay. Further, the Court already issued an order allowing Defendants to reschedule the deposition (ECF No. 67) and deadlines may be extended as this case proceeds. Prior to the August deposition, Jones had not been warned by the Court that his refusal to participate in discovery could result in the sanction of dismissal. Further, there are less drastic sanctions that this Court can impose short of dismissing this case that can make Defendants whole. Accordingly, it is the opinion of the undersigned that dismissal of this case is not warranted at this time.

Nevertheless, Jones's refusal to participate in his deposition and to terminate his deposition was improper. Accordingly, it is recommended that the Court impose costs of $97.40 against Jones, payable to Defendants, to recover their costs to take Jones's deposition on August 10, 2020.

### III.  Recommendation

It is recommended that the Court deny Defendants' motion to dismiss (ECF No. 64) but grant Defendants costs in the amount of $97.40.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen

(14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: October 21, 2020 /s/ *Maarten Vermaat*
MAARTEN VERMAAT
U.S. MAGISTRATE JUDGE