UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

SAMUEL ROOSEVELT JONES #364868,

      Plaintiff,                                    Case No. 2:19-CV-49

v.                                                  HON. GORDON J. QUIST

C. LAWRY, et al.,

      Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner, Samuel Roosevelt Jones, pursuant to 42 U.S.C. § 1983. On January 19, 2022, U.S. Magistrate Judge Maarten Vermaat issued a Report and Recommendation (R & R), recommending that the Court grant Defendants' motion for summary judgment. (ECF No. 136.) Plaintiff has filed an objection. (ECF No. 138.) Defendants have responded. (ECF No. 139.)

Upon receiving objections to the R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Plaintiff makes three objections to the R & R. First, Plaintiff argues that he "was prejudiced by this Court" because the Court denied his motions to appoint counsel. (ECF No. 138 at PageID.875). Whether the magistrate judge correctly denied Plaintiff's two motions to appoint

counsel is not at issue in the R & R.  Nonetheless, the Court finds no error in the magistrate judge's prior rulings. The magistrate judge identified the correct legal standard and carefully considered the relevant factors. (ECF No. 73 (citing *Lavado v. Keohane*, 992 F2d 601, 604-05 (6th Cir. 1993)). As adequately stated by the magistrate judge, "Plaintiff has proven that he is an effective litigant . . . that can represent his interests in this matter." (*Id.* at PageID.421.)

Second, Plaintiff argues that "this Court also prejudiced [Plaintiff's] access to discovery materials." (ECF No. 138 at PageID.876.)  Plaintiff contends that he could not submit evidence to support his claims because the Court denied all of his discovery motions. Similar to the appointment of counsel issue, whether the magistrate judge correctly denied Plaintiff's discovery motions is not at issue in the R & R.  Furthermore, the record establishes that the magistrate judge denied Plaintiff's various discovery motions for a variety of reasons.  For example, several of Plaintiff's discovery motions were denied for failing to comply with Fed. R. Civ. P. 31 and the Case Management Order.  (ECF No. 67.)  Plaintiff could have appealed the magistrate judge's rulings to this Court but chose not to do so.  Moreover, Plaintiff has still not shown any error in the magistrate judge's prior rulings in his current filings.

Lastly, Plaintiff argues that the magistrate judge erred by analyzing Plaintiff's physical injuries; instead, he contends that the magistrate judge should have focused his analysis on Defendants hitting Plaintiff's head on the window and Defendant's use of force after Plaintiff was restrained by belly chains.  Plaintiff is correct that he does not need to show a physical injury to prove his excessive force claims.  But the magistrate judge never said otherwise.  He expressly stated: "When prison or jail officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated, '[w]hether or not significant injury is evident.'" (ECF No. 136 (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).)  Furthermore, the

magistrate judge adequately addressed Plaintiff's arguments. The incident was captured on two security videos. After describing what is shown in the two videos, the magistrate judge concluded:

> The videos show that only minimal force was used to remove Jones from his cell and to restrain him despite his constant resistance and refusal to cooperate with the Officers. The videos do not show that the Officers used excessive force when restraining Jones. To the contrary, the videos depict an appropriate use of force against a prisoner who was not cooperating with Corrections Officers. The videos do not support Jones's claim of excessive force. *See Scott v. Harris*, 550 U.S. 372, 380-381 (2007) (noting that a court should "view[] the facts in the light depicted by the videotape").

(ECF No. 136 at PageID.860.)  This Court agrees.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the January 19, 2022, Report and Recommendation (ECF No. 136) is **adopted** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 127) is **GRANTED** for the reasons set forth in the R & R.  Therefore, Plaintiff's claims are **dismissed with prejudice**.

This case is **concluded**.

A separate judgment will enter.


Dated: March 22, 2022                                            /s/ Gordon J. Quist
                                                                                GORDON J. QUIST
                                                                      UNITED STATES DISTRICT JUDGE